IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELMORE WELCH, SR.,                    :

    Plaintiff,                           :

v.                                    :        CA No. 11-595-WS-C

SHIRLEY DARBY, *et al.*,              :

    Defendants.                          :

## REPORT AND RECOMMENDATION

The plaintiff has filed a complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2), which have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). After careful consideration of the pleadings, the undersigned has concluded that the plaintiff has not established a jurisdictional basis for this action, and **RECOMMENDS** that it be **DISMISSED**.[1]

---

[1] As an alternative to granting the motion to proceed *in forma pauperis* and considering dismissal of this case as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the undersigned concludes that the more efficient route is to examine the Court's subject matter jurisdiction. *See, e.g., Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 Fed. App'x 854, 856 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking.") (citing FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

The Complaint

The plaintiff, a resident of Escambia County, Alabama, asserts that all "[t]he Defendants also reside[] in Escambia County, Alabama," and that Escambia County is "where the particular incidents[—presumably giving rise to this lawsuit—]have taken place."[2] (Doc. 1, ¶¶ 1 & 2.) The complaint asserts three claims—"fraudulent sale of heir property," "criminal conspiracy," and "perjury"—none of which are federal in nature—and contains a jury demand. (*see id.* at ¶¶ 3-6 & at 3) and section entitled "Ground for an appeal from the Escambia County Judicial Under Circuit Court Judge Brad Byrne" (*id.* at 5-16)).[3]

---

[2]    Throughout the complaint, the plaintiff refers to individuals or property located, or events occurring, in Freemanville, Atmore, and Brewton, Alabama. The complaint also mentions the Poarch Band of Creek Indians. The Court takes judicial notice that the above-listed communities are, and the Poarch Band of Creek Indians is mostly, located in Escambia County, Alabama.

[3]    To the extent the plaintiff is seeking review of a decision of the Circuit Court of Escambia County, this Court does not have jurisdiction.

> [A] federal district court lacks jurisdiction to review claims that were previously ruled upon by a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988); *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987). This rule of law is known as the *Rooker-Feldman* doctrine and "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

*Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, Civil Action No. 09-00114-WS-N, 2009 WL 3381003, at *4 (S.D. Ala. Oct. 19, 2009) (order adopting report and recommendation of the Magistrate Judge), *aff'd*, 391 Fed. App'x 854 (11th Cir. 2010).

Discussion

The plaintiff has not asserted a cause of action arising under, or set forth facts giving rise to a claim sounding in, federal law.[4] *See* 28 U.S.C. § 1331. As such the Court must determine whether the complaint invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

It does not. While there is a nondiverse (non-Alabama) entity mentioned in the complaint—"C&S Chemical," which the plaintiff asserts is based in Marietta, Georgia (*see* Doc. 1 at 1 & 11; *see also id.* at 15 (which purports to be an Atmore News article from November 28, 2007 regarding C&S Chemical's decision not to build a facility in Freemanville, Alabama))—the presence of Alabama defendants defeats the complete diversity requirement of § 1332:

> [W]e have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. The complete diversity requirement is not mandated by the Constitution or by the plain text of § 1332(a). The Court, nonetheless, has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both

---

[4] Even if the plaintiff had cited to or otherwise invoked federal law, "[t]he 'mere assertion of [a] federal claim[ ] is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.'" *Bethel v. Partin*, Civil Action No. 10–0530–CG–C, 2011 WL 1671914, at *2 (S.D. Ala. Apr. 13, 2011), report & recommendation adopted, 2011 WL 1671827 (May 3, 2011) (quoting *Blankenship v. Simon*, No. 3:10cv248/MCR/MD, 2010 WL 3277642, at *1 (N.D. Fla. July 15, 2010); *Russ v. Unknown Federal Agentcy [sic]*, No. 5:10cv289/RS/EMT, 2010 WL 5510133, at *2 (N.D. Fla. Dec. 9, 2010)). "Federal jurisdiction requires that a party assert a **substantial** federal claim." *Blankenship*, 2010 WL 3277642, at *1; *Russ*, 2010 WL 5510133, at *2 (quoting *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted)) (emphasis in original).

sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005) (internal citations omitted).[5]

## Conclusion

In light of the foregoing, the undersigned **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate

---

[5] There is no clear claim asserted against C&S Chemical.  But the plaintiff launches the following "allegations" towards it: C&S Chemical is a "defender" (*id.* at 11) and the plaintiff asserts that C&S Chemical was made a "jackass" of by Mack Salter, who "has caused a suit to be filed against [several entities including] C&S Chemical" (*id.* at 16).  Based on these "allegations," even if C&S Chemical was the only defendant in this matter—satisfying the complete diversity requirement—and assuming all other requirements of Section 1332 were met, this Court would not have jurisdiction over this lawsuit because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion."  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1976) (internal citation and quotation marks omitted); *see, e.g.*, *Amin v. Penson Fin. Servs., Inc.*, No. 07-cv-0702-bcc, 2008 WL 4186954, at *2 (W.D. Wis. Jan. 3, 2008) (in which the court found that the amount-in-controversy requirement was not, or could not plausibly be, met and then noted: "Moreover, plaintiff's allegations are so 'attenuated and unsubstantial' on their face that they would not support the exercise of this court's jurisdiction in any event.") (quoting *Hagans*, 415 U.S. at 536-37); *Iqbal v. Superior Ct. of D.C.*, Civil Action Nos. 07-408 (RMU), 07-452, 2007 WL 1876385, at *2 (D.D.C. June 28, 2007) (also finding that the allegations in the complaint could not meet the amount-in-controversy requirement and then noting: "[E]ven assuming the complaint did contain a specific request for monetary damages, no allegations in the complaint support monetary damages. Under these circumstances, the court dismisses Iqbal's complaint as patently frivolous.") (citing *Hagans*, 415 U.S. at 536-37); *cf. McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir. 2002) ("A frivolous suit does not engage the jurisdiction of the federal courts.").

Judge.

    **DONE** this the 16th day of February, 2012.

                                              s/WILLIAM E. CASSADY
                                              **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).