IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELMORE WELCH, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0595-WS-C |
| | ) |
| SHIRLEY DARBY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This closed matter comes before the Court on a filing by *pro se* plaintiff Elmore Welch, Sr., that appears to be in the nature of a Motion to Reconsider (doc. 8).

On March 14, 2012, the undersigned entered an Order (doc. 4) and Judgment (doc. 5) adopting the Magistrate Judge's Report and Recommendation and dismissing this action without prejudice for lack of subject-matter jurisdiction. On March 19, 2012, the undersigned entered an Order (doc. 7) overruling Welch's untimely-filed objections to that Report and Recommendation and explaining that nothing in those objections would furnish a viable foothold for the exercise of federal jurisdiction over this matter.

Now Welch has filed a Motion to Reconsider in which he asserts that dismissal was improper because "[t]here was never a pauper form filed [*sic*] out by the plaintiff," and "[y]ou cannot dismiss a case that was never filed by the plaintiff." (Doc. 8, at 1.) This reasoning is unpersuasive. Welch in fact did initiate this action by filing a Complaint in this District Court against defendants Shirley Darby, Mack Salter II, Clemmie L. Johnson, "C&S Chemicals Band Marietta Ga" and "Creek Indians Band Porch Al." (*See* doc. 1.) Welch having filed a Complaint that did not present even a colorable basis for the exercise of federal jurisdiction, it was entirely proper for this Court to dismiss it without prejudice. Whether or not Welch had paid the filing fee or filed a motion to proceed without prepayment of fees is beside the point. Plaintiff had filed a lawsuit that, on its face, did not belong in federal court. No constructive purpose would have been served by requiring Welch to pay the filing fee or submit an IFP petition after the

Court made a threshold determination that subject-matter jurisdiction was lacking. Indeed, the Court was obligated to dismiss the case immediately, without proceeding further. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) ("Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted); *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citation omitted).

The remainder of Welch's filing is likewise unavailing. He revives accusations that "Ms. Darby gave this court a false complaint" (doc. 8, at 1). As plaintiff has previously been informed, however, defendant Shirley Darby neither appeared nor filed anything in this case. Even if she had, that fact would have no bearing on the propriety of dismissal for lack of jurisdiction. Also in his filing, Welch attaches copies of documents suggesting that he is appealing from the "Escambia County Judicial Circuit Court" to the "U.S. Court of Civil Appeals" in Montgomery, Alabama. He also attaches documents showing what purports to be a list of heirs of "Corine Grant Welch Deceased," and suggests that those heirs are suing (or wish to sue) Judge Bradley Byrne in state court. It is unclear why Welch submitted these materials, which at a minimum are not germane to the jurisdictional issue on which dismissal was predicated, and which appear to relate to other lawsuits pending in other jurisdictions.[1]

For all of these reasons, the construed Motion to Reconsider (doc. 8) is **denied**.

DONE and ORDERED this 2nd day of April, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Nothing in Welch's filing suggests that he seeks to appeal the March 14 Order and Judgment entered in this case to the United States Court of Appeals for the Eleventh Circuit. Should he wish to pursue such an appeal, however, plaintiff is cautioned that he must file a notice of appeal containing the information required by Rule 3(c), Fed.R.App.P., within the time frame specified by Rule 4(a), Fed.R.App.P.